UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UL LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>STURGEON SERVICES INTERNATIONAL, INC., a California corporation, ENGINEERED WELL SERVICES INTERNATIONAL, INC., a California corporation, JOHN POWELL, an individual, AND DOES 1-20, individuals,<br><br>                    Defendants. | No. 1:16-cv-01389-TLN-SAB<br><br>**ORDER** |
| AND RELATED CROSS-ACTIONS | |

Plaintiff UL LLC ("Plaintiff") filed the instant action on September 19, 2016, against Defendants Sturgeon Services International, Inc., Engineered Well Services International, Inc., and John Powell (jointly "Defendants"). (Compl., ECF No. 1.) On November 14, 2016, Defendants Sturgeon Services International, Inc. and Engineered Well Services International, Inc. initiated a third-party complaint for indemnity and contribution against Rebecca Rynders aka Rebecca Shiyin Zhu. (*See* ECF No. 12.) Rebecca Rynders filed a Notice of Bankruptcy

Proceeding on December 22, 2016, seeking a stay of the instant action pursuant to 11 U.S.C. § 362. (ECF No. 28 at 2.) Plaintiff filed a response to Rynders' notice on December 29, 2016. (ECF No. 29.) Plaintiff asserts that only the third-party cross-complaint filed against Rynders may be stayed under 11 U.S.C. § 362 and cites *Ingersoll-Rand Financial Corp. v. Miller Mining Co., Inc.*, 817 F. 2d 1424 (9th Cir. 1987), in support of this argument. (ECF No. 29 at 2.)

In *Ingersoll-Rand*, the Ninth Circuit held that "[i]n the absence of special circumstances, stays pursuant to section 362(a) are limited to debtors and do not include non-bankrupt co-defendants." *Id.* at 1427. Plaintiff argues this reasoning should extend to Defendants in the instant matter who claim indemnity by Rynders. (ECF No. 29 at 2.) The Court agrees. The parties do not assert, and the Court cannot find, any special circumstances that would permit the Court to extend the automatic stay to the entire proceeding, including claims Rynders is not a party to and the original complaint between Plaintiff and Defendants. While Rynders may be responsible for the indemnification of Plaintiff's claims against Defendants, Defendants may assert their claim in the Bankruptcy action as an unsecured-claim after a judgment is entered in the instant action. *See In re All Seasons Resorts, Inc.*, 79 B.R. 901, 904 (C.D. Cal. 1987) (finding that no threat of harm to reorganization plans existed where the party may pay the full amount of his claim and seek indemnification from debtor at a later date). Furthermore, Rynders has not presented the Court with evidence that the Bankruptcy Court extended the automatic stay to non-debtors in the instant action. *See Federal Land Bank of Spokane v. Stiles*, 700 F. Supp. 1060, 1062–63 (D. Mont. 1988) (finding 11 U.S.C. § 105(a) does not extend the automatic stay to no-debtors where the bankruptcy court did not issue an order extending the stay). Accordingly, the instant action is STAYED only as to the cross-complaint against Rynders filed by Defendants Surgeon Services International, Inc. and Engineered Well Services International, Inc.

IT IS SO ORDERED.

Dated: January 4, 2017

Troy L. Nunley
United States District Judge